**Jerry D. SMITH, Appellant,**

v.

**DIRECTOR OF REVENUE, Respondent.**

**No. WD 54081.**

Missouri Court of Appeals,
Western District.

Jan. 20, 1998.

Jeremiah W. (Jay) Nixon, Atty. Gen., Charles L. Gooch, Sp. Asst. Atty. Gen., Mo. Dept. of Revenue, Jefferson City, for Respondent.

SPINDEN, Presiding Judge.

Jerry D. Smith appeals the circuit court's ruling that the decision of the director of the Department of Revenue to suspend Smith's driving license for 60 days because of excessive points should not be set aside. The director decided that Smith had accumulated more than eight points within 18 months and suspended Smith's license pursuant to § 302.304.3, RSMo 1997 Supp.[1]

The director contends that we should dismiss Smith's appeal because the circuit court did not enter a judgment which satisfied Rule 74.01. On March 4, 1997, the circuit court entered on its docket sheet for Smith's case: "Cause taken up. Motion to Set aside Suspension denied. Motion for limited driving privileges in Commercial Vehicle denied. Clerk to notify attorneys by copy of docket entry."

We agree that this was not a "judgment" which satisfied Rule 74.01(a). In *City of St. Louis v. Hughes*, 950 S.W.2d 850, 853 (Mo. banc 1997), the Supreme Court declared that the rule imposes "an express requirement that the document or docket notation be 'de-nominated "judgment".' " The court interpreted its rule to require use of the word "judgment:"[2]

> [T]he written judgment ... must be designated a "judgment." Whether the designation "judgment" appears as a heading at the top of the writing, within the body of the writing in some other manner, or in the entry on the docket sheet, it must be clear from the writing that the document or entry is being "called" a "judgment" by the trial court.

*Id.* Because the circuit court in *Hughes* did not denominate its decision a "judgment," the Supreme Court concluded that it lacked jurisdiction to consider the appeal and dismissed it.

Nothing in the circuit court's docket entry for Smith's case denominated its decision a judgment. We conclude that we lack jurisdiction to consider Smith's appeal and therefore dismiss it.

LAURA DENVIR STITH and EDWIN H. SMITH, JJ., concur.

---

1. That statute says, "The director shall suspend the license and driving privileges of any person whose driving record shows the driver has accumulated eight points in eighteen months."

2. The Supreme Court warned, however, "[d]epending upon the text, mere use of the word "judgment" in the body of the writing or docket entry may not suffice." *Id.*